| Vaiselberg v Radin |
|---|
| 2025 NY Slip Op 31643(U) |
| May 6, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 514640/25 |
| Judge: Lawrence Knipel |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At the Special Election Part 1 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 6th day of May, 2025.

P R E S E N T:
HON. LAWRENCE KNIPEL,
                                    Justice.
-----------------------------------------------------------------X
BERNARD VAISELBERG,

                    Petitioner-Candidate, Aggrieved


            -against-                                    Index No.: 514640/25

SOYA RADIN,
                        Respondents-Objector

            -and-

NEW YORK CITY BOARD OF ELECTIONS,


                        Respondents,

For an Order pursuant to sections 16-100, 16-102 and
16-116 of the Election Law, Declaring Valid the
Independent Nominating Petitions which name the Petitioner
As a Candidate for the Public Office of State Senator from the
22nd Senatorial District, Kings County, State of New York, on the
"Bernard the Moustache" party lines at the Special Election to be
Held on May 20, 2025, and to order said BOARD OF ELECTIONS to
Print and place the name of said Candidate upon the official
Ballots of such Special Election.
-----------------------------------------------------------------X

| The following e-filed papers read herein: | NYSCEF Doc Nos.: |
|---|---|
| Notice of Motion/Order to Show Cause/ Petition/Cross Motion and Affidavits (Affirmations) Annexed | 1-11 |
| Opposing Affidavits/Answer (Affirmations) | 12-13, 14-16 |
| Affidavits/ Affirmations in Reply | |
| Other Papers: Notice of Appearance | |

[* 1]

Upon the foregoing papers and after oral argument conducted on the record before the court on May 6, 2025, the court rules as follows:

### Background Facts and Procedural History

On April 10, 2025, Governor Hochul issued a proclamation directing that a Special Election be held on May 20, 2025 to fill a vacancy for the public office of State Senator from the 22nd Senate District. Under respondent Board of Elections in the City of New York's (the Board) calendar for Independent Nominating Petitions for the Special Election, the first day to circulate petitions was April 10, 2025 and the last day to file petitions was April 21, 2025.

On April 21, 2025, Petitioner-Candidate Bernard Vaiselberg (petitioner) filed with the Board an independent nominating petition on the "Bernard the Moustache" party line seeking placement on the ballot in the Special Election. Thereafter, general and specifications of objections were filed against the petition by respondent-objector Soya Radin. On April 24, 2025, the Board issued a clerk's report stating that petitioner's nominating petition only contained 499 signatures and that 3,000 valid signatures were required for placement on the ballot.[1] However, as a result of a ministerial error, the Board emailed the clerk's report to a different email address than petitioner specified in his nominating petition. Nevertheless in a letter dated April 25, 2025, petitioner's representative Danniel Maio stated that petitioner received the clerk's report on April 24, 2025 (NYSCEF Doc. No. 8).

---

[1] Petitioner does not dispute the fact that his nominating petition contained an insufficient number of valid signatures. Indeed, he conceded on the record that the petition only contains 499 signatures.

[* 2]

On April 29, 2025, the Board's Commissioners met to determine whether or not petitioner's name would appear on the ballot in the Special Election. Petitioner's representative appeared at that meeting and raised several objections to the specifications of objections. Petitioner's representative also objected to the fact that the clerk's report was sent to the wrong email address. However, the Commissioner's found that these issues were inconsequential inasmuch as the nominating petition only contained 499 signatures in total and was therefore defective on its face. Accordingly, the Commissioner's ruled that petitioner's name would not appear on the ballot in the Special Election.

On May 2, 2025, petitioner commenced the instant validating petition seeking to have his name placed on the ballot. Among other things, the petitioner argues that the Commissioner's improperly removed his name from the ballot inasmuch as the Board sent the clerk's report to the incorrect email address in violation of Election Law § 6-154(4) and that as a result of the incorrect email address, he did not receive proper notices from the Board regarding the Commissioner's meeting.

On May 5, 2025, the Board filed an affirmation in opposition to the validating proceeding in which it notes that, notwithstanding its inadvertent error in emailing the clerk's report to the wrong address, petitioner appeared at the Commissioner's meeting on April 29, 2025. The Board further notes that any remedy for improper notice would be to re-notice the hearing. Finally, the Board states that early voting and absentee ballots had already been mailed out and that the cut-off date to add candidates to the ballot for the May 20, 2025 Special Election was May 1, 2025. In support of this

3

[* 3]

contention, the Board submits an affirmation by John Naudus, its Director of Electronic Voting Systems. In this regard, Mr. Naudus states, "for the Special Election to be held on May 20, 2025, the early voting period begins on May 10, 2025. To meet this deadline, the Board must complete its work on creating a ballot, printing ballots, and testing the equipment being used approximately ten days in advance of the first day of early voting [and] [a]t this late date, the Board is not able to add candidates to ballots" (NYSCEF Doc. No. 13).

Here, the court finds that petitioner was not prejudiced by any defects regarding service of the clerk's report and notice of the Commissioner's meeting since he admits that he received a copy of the clerk's report on the same day it was issued and he appeared at the meeting through his representative. Furthermore, any alleged defects with the specifications of objections, notices and/or service of the clerk's report is of no moment since the nominating petition is invalid on its face since, as petitioner himself concedes, it only contains 499 total signatures (*Matter of O'Connor v Sharpe*, 208 AD3d 1458, 1460-1461 [3d Dept 2022]). Further, since petitioner has conceded that his nominating petition contains an insufficient number of signatures for placement on the ballot, he cannot meet his burden in this validating proceeding (*id.* at 1462). Finally, even if there was merit to the claims set forth in petitioner's validating petition, the record before the court demonstrates that it would be impossible to render meaningful relief inasmuch as "at this juncture, the inclusion of [petitioner's] name on the [special election] ballot would not be possible" (*Matter of Davis Clennon*, 227 AD3d 638, 639 [1st Dept

4

[* 4]

2024]; see also, *Matter of Hunter v Orange County Bd. of Elections*, 11 NY3d 813, 814

[2008]); *Matter of Semple v Laine*, 121 AD3d 798, 799 [2d Dept 2014]).

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that petitioner's petition to validate his

independent nominating petition is denied and dismissed.

This constitutes the decision, order, and judgment of the court.

ENTER FORTHWITH

J. S. C.

Justice Lawrence Knipel